NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT R. DAVIS, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7030

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-2984, Judge Robert N. Davis.

---

## ON MOTION

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Robert R. Davis, Jr.'s appeal from a decision of the United States Court of Appeals for Veterans Claims that denied a petition for a writ of mandamus seeking to

compel the Chicago, Illinois Department of Veterans Affairs regional office (RO) to (1) notify Davis of the status of a pending attorney fees dispute, and (2) forward his appeal of the August 19, 2008, rating decision to the Board of Veterans' Appeals (Board). Davis moves "to submit additional evidence of denial of due process rights by the DVA."

Davis served honorably in the United States Air Force from March 1961 to May 1965, including service in Vietnam. In April 2007, Davis entered into a fee agreement with Daniel Krasnegor and his law firm for representation before the agency in pursuit of a claim for disability compensation for post-traumatic stress disorder (PTSD). On August 7, 2008, the Board granted Davis entitlement to service connection for PTSD and remanded the matter to the RO for assignment of a disability rating and effective date.

On remand, the RO assigned Davis's claim a 50% disability award rating and an effective date of May 14, 1993. Davis began to receive compensation benefits. However, a portion of the retroactive benefit award was withheld by the RO pursuant to an attorney fees dispute currently pending before the agency with regard to Krasnegor's prior representation of Davis. In March 2009, Davis also sought review of the RO's determination from a decision review officer (DRO), seeking an earlier effective date and a total disability rating based on individual unemployability (TDIU). Both the attorney fees dispute and the DRO review appear to remain pending before the agency.

On August 11, 2009, Davis petitioned the Court of Appeals for Veterans Claims for a writ of mandamus seeking to compel the RO to take action on the attorney fees dispute and to compel the RO to forward his dispute regarding his disability compensation award to the Board. In response to the petition, the Secretary informed the

court that on October 7, 2009 the RO had issued a decision on the attorney fees dispute, and with regard to Davis's increased rating and earlier effective date claims, Davis himself had not perfected his appeal with the Board and the DRO review was still in process. The Secretary further noted that with regard to the issue of TDIU, there was no evidence that Davis had ever filed a TDIU claim and the Secretary therefore sent him a letter informing Davis of the Secretary duty-to-notify requirements pursuant to 38 U.S.C. § 5103(a), beginning the processing of his claim.

On November 9, 2009, the Court of Appeals for Veterans Claims denied Davis's petition for a writ of mandamus. With regard to the attorney fees dispute, the court noted that the agency had now issued an initial decision on the matter and that Davis could appeal that decision to the Board. With regard to his compensation award dispute, the court stated that the RO had moved forward with his claim and that a DRO officer had been assigned and would issue a supplemental statement of the case, which Davis could then appeal to the Board. Satisfied that the agency's actions mooted the issues raised by Davis, the court denied his petition for a writ of mandamus. Additionally, the court noted that the issues raised by Davis in his petition were the same as those presented in a petition filed earlier in the year and that "[t]he court will therefore not entertain any further filings on these matters." Davis now seeks review by this court of that decision.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain chal-

lenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his brief, Davis contends that his appeal raises an issue of constitutional due process because the court denied him a full and fair hearing on the factual issues before the court based on its statement that "[t]he court will therefore not entertain any further filings on these matters." Davis further asserts in his brief that the Secretary incorrectly explained to the court that he never filed a TDIU claim because that claim was implicitly raised when he sought to file his claim for an increased rating. Finally, Davis contends that the agency is incorrectly withholding an amount of his retroactive disability compensation award because his prior attorney is not entitled to attorney fees pursuant to 38 U.S.C. § 5904.

We agree with the Secretary that this court is without jurisdiction over Davis's assertions regarding his TDIU claim and his assertions regarding the withholding of a portion of his compensation award based on the ongoing fees dispute. As the Court of Appeals for Veterans Claims noted, those issues remain pending before the agency and Davis must exhaust all of his administrative remedies before pursuing an appeal. With regard to Davis's constitutional question argument, we cannot say that the court's statement that it would not entertain further filings on these matters amounted to a violation of the procedural due process. The court's statement does not preclude Davis from pursuing a proper appeal at the Court of Appeals for Veterans Claims on matters ongoing before the agency when those matters are ripe for appeal. Furthermore, Davis has now been afforded two decisions

from the Court of Appeals for Veterans Claims on essentially the same matters and facts. Given the circumstances here, we cannot say it was improper for the court to deny further filings on the same matter. Therefore, to the extent that this issue falls within this court's jurisdiction, we reject Davis's argument.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed in part and affirmed-in-part.

(2) Each side shall bear its own costs.

(3) Davis's motion is granted.

FOR THE COURT

OCT 2 7 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 2 7 2010

JAN HORBALY
CLERK

cc: Robert R. Davis, Jr.
    Michael N. O'Connell, Esq.

s19

ISSUED AS A MANDATE: OCT 2 7 2010